United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELMO D'SHON STARLING, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-27 |
| | § | |
| COX, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institute in Three Rivers, Texas. Proceeding *pro se*, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the calculation and length of his sentence. (D.E. 1). Pending is Respondent's Motion to Dismiss, which the undersigned recommends be construed as a Motion for Summary Judgment, and referenced exhibits. (D.E. 14 and D.E. 15); Fed. R. Civ. P. 12(d) and 56 (Summary judgment standard is appropriate where materials outside of the pleadings are presented and not excluded by the Court). Petitioner has failed to file a response and, pursuant to Local Rule 7.4, this may be taken as a representation of no opposition. However, the undersigned has considered the merits. For the reasons stated herein, it is respectfully recommended that Respondent's Motion be **GRANTED**. (D.E. 15).

## I.    JURISDICTION

Section 2241 petitions must be filed in the district where the prisoner is incarcerated.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Three Rivers, Texas and therefore, jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted).  This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.    BACKGROUND

On September 7, 2006, Petitioner was sentenced in federal court in the Western District of Texas to a 110-month term of imprisonment and a three-year term of supervised release.  (D.E. 14, Pages 13 and 18-24).[1]  On July 22, 2014, he was released from incarceration.  (D.E. 14, Page 13).  However, less than a year later on January 9, 2015, Petitioner's supervised release was revoked and he was sentenced to an additional nine months of imprisonment and a 27-month term of supervised release.  (D.E. 14, Pages 14 and 31-32).  After being released on September 2, 2015, Petitioner was arrested by state authorities on November 29, 2017, shortly before the expiration of his federal supervised release term.  (D.E. 14, Pages 14 and 34).

On January 4, 2018, federal authorities "borrowed" Petitioner from state custody pursuant to a federal writ of habeas corpus *ad prosequendum*.  (D.E. 14, Pages 14, 38 and 40).  On June 11, 2018, Petitioner was sentenced by United States District Judge David

---

[1]*United States v. Starling*, MO-06-CR-082-RAJ (W.D. Tex. 2006)

Counts in the Western District of Texas to a 33-month term of imprisonment and a three-year term of supervised release for aiding and abetting a felon in possession of a firearm as well as a 24-month term of imprisonment for violation of supervised release, terms to run consecutive for a total of 57 months.  (D.E. 14, Pages 14, 42-47 and 49).[2]  Petitioner was then returned to state custody on June 12, 2018 and approximately four months later, on October 23, 2018, he was sentenced to a two-year term of imprisonment in state custody, receiving a 171-day credit for time served from November 29, 2017 through January 4, 2018 and from June 12, 2018 through October 23, 2018.  (D.E. 14, Pages 14, 38, 51-52 and 70).[3]

After he completed his state sentence on April 10, 2019, Petitioner was released into the custody of federal authorities to begin his federal sentence.  (D.E. 14, Pages 14 and 56-59).  The Bureau of Prisons ("BOP") calculated Petitioner's 57-month sentence commencing on April 10, 2019, giving him prior custody credit from January 5, 2018 through June 11, 2018 which is the time he spent in federal custody that was not credited to his state sentence.  (D.E. 14, Pages 14 and 26-29).  With his projected good conduct time credit of 256 days and the 158-day prior custody credit, Petitioner's projected statutory release date is November 21, 2022.  (D.E. 14, Pages 14 and 26-29).

Petitioner filed this federal habeas petition alleging the BOP miscalculated his sentence, requesting credit to his federal sentence for the time period of June 12, 2018 through April 9, 2019.  (D.E. 1). Petitioner argues he should be given this credit because

---

[2]*United States v. Starling*, 7:18-CR-5-DC(1) (W.D. Tex. 2018).
[3]*State of Texas v. Starling*, B-18-0482-CR (161st Dist. Ct. Ector Cty. 2018).

he was sentenced in federal court prior to being sentenced in state court and he should not have stopped receiving credit toward his federal sentence when he was physically returned to state custody.   Respondent states Petitioner's sentence has been calculated correctly and his state sentence was already credited for the time period Petitioner requests.

## III.   SUMMARY JUDGMENT STANDARD

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56.   Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).   Generally, Rule 56 of the Federal Rules of Civil Procedure, which governs summary judgment procedure, applies with equal force to federal habeas corpus cases.   *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted); *see also* Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus…").

## IV.   DISCUSSION

The authority to calculate federal prison sentences, and to grant credit to a sentence, is vested with the United States Attorney General, which is administratively carried out by the BOP.   *United States v. Wilson*, 503 U.S. 329, 331-35 (1992); 28 C.F.R. § 0.96.   When a sentence commences and to what extent a defendant may receive credit

4 / 8

for any time already spent in custody are governed by 18 U.S.C. § 3585. Credit is allowed for prior custody only if the time spent in official detention is not credited against another sentence. 18 U.S.C. § 3585(b). Therefore, the statute governing the calculation of federal sentences prohibits the award of "double credit." *Wilson*, 503 U.S. at 337.

Petitioner is not entitled to the credit he requests on his federal sentence for the time he spent in the state correctional institution after he was sentenced in federal court because he has already been given credit toward his state sentence for this time. *Wilson*, 503 U.S. at 337; (D.E. 14, Pages 14, 38, 51-52 and 70). Additionally, while the Fifth Circuit has recognized a federal prisoner is not entitled to credit towards a federal sentence for time spent in a federal detention center after he has been temporarily produced from state custody for prosecution pursuant to a writ of habeas corpus *ad prosequendum*, Petitioner did receive credit toward his federal sentence from January 5, 2018 through June 11, 2018 because he did not receive credit for this time toward his state sentence. (D.E. 14, Pages 14 and 26-29); *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the sovereign relinquishes jurisdiction over the prisoner); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (same).

18 U.S.C. 3585(b) prohibits the award of double credit. Because the time Petitioner spent in physical state custody was credited toward his state prison sentence, he is not entitled to receive credit again toward his federal sentence under § 3585(b). *Leal v.*

*Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit time spent in state custody toward the defendant's federal sentence because that time was already "credited against another sentence.")

Further, a district judge has discretion to order a sentence to run consecutively or concurrently and absent such an order, the presumption is that the sentences run consecutively. *Setser v. United States*, 566 U.S. 231, 239-40 (2012); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). Additionally, both the Supreme Court and the Fifth Circuit have both held a district court has the authority to order a federal sentence to run either concurrently or consecutively to a yet-to-be imposed state sentence. *Setser*, 566 U.S. at 236-37; *United States v. Rico*, No. 06-cr-2(2), 2007 WL 4223217, at *1 (S.D. Tex. Nov. 23, 2007) (citing *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) (other citations omitted). The Fifth Circuit has further held the presumption of consecutive sentences when the federal sentencing court is silent on this issue also applies in situations with an anticipated state sentence. *United States v. Aguilar*, No. 02-cr-278-5, 2009 WL 2923052, at *3 (S.D. Tex. Sept. 1, 2009) (Federal sentencing court's silence on whether defendant's federal sentence should run consecutive or concurrently to an anticipated state sentence indicates the terms were to run consecutively) (citations omitted). Here, the final federal sentencing judgment did not state Petitioner's federal sentence was to be served concurrently to any anticipated state sentence. Further, on March 4, 2020, Judge Counts stated it was "the Court's position the Defendant's state and federal cases run consecutive with each other." (D.E. 14, Page 76). Therefore, it is clear Petitioner's state and federal sentences were to run consecutively.

6 / 8

Accordingly, Petitioner fails to show he is entitled to additional credit or that his sentence has been calculated incorrectly.  The BOP is not required to credit any time Petitioner spent in physical state custody toward his federal sentence because it has already been credited against his state sentence and his state and federal sentences are to be served consecutively. 18 U.S.C. 3585(b).  Therefore, it is respectfully recommended that Petitioner is not entitled to relief under 28 U.S.C. § 2241.

## V.     RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's Motion to Dismiss be construed as a Motion for Summary Judgment (D.E. 15) and **GRANTED** and Petitioner's habeas petition (D.E. 1) be **DISMISSED**.

ORDERED this 23rd day of August, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).